**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIM M. ANDERSON,

Petitioner,

vs

JOHN IGNACIO, et al.,

Respondents.

**Case No. 3:98-cv-00655-ECR-VPC**

ORDER ON MOTION TO DISMISS

This is an action on a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Petitioner, Tim M. Anderson, represented by the Federal Public Defender's Office. Before the Court is Respondents' Motion to Dismiss the Petition (ECF No. 96), Petitioner's Response (ECF No. 106) and Petitioner's Reply (ECF No. 111).

**I. Procedural History**

Petitioner was tried on charges of first degree murder with the use of a deadly weapon in the killing of Jason Snow.[1] Exhibit 7-10. He was tried before a jury in the Third Judicial District Court of Lyon County, Nevada, and found guilty of second degree murder with the use of a deadly weapon and was sentenced to two consecutive terms of fifteen years in prison. Exhibits 12 and 13.

[1] The exhibits referenced in this order were submitted by Respondents in support of the original Motion to Dismiss (ECF No. 16) and in support of the instant Motion to Dismiss, unless otherwise specifically identified. They are found in the Court's record at ECF Nos. 16, 97 through 101.

Petitioner's direct appeal was dismissed by the Nevada Supreme Court on December 20, 1996. Exhibit 18.

Petitioner filed a state post-conviction petition for writ of habeas corpus and was appointed counsel, who filed a supplement to the petition. Exhibit 20. A hearing was conducted and the petition was denied. Exhibit 23. Petitioner appealed without the assistance of counsel. Petitioner submitted a Motion to Supplement the Record (Exhibit 24) and First Amended Supplemental Petition for Writ of Habeas Corpus directly to the Nevada Supreme Court. Exhibit 25. The Nevada Supreme Court dismissed this appeal on June 22, 1998. Exhibit 26.

On February 24, 1999, Petitioner filed a Petition for Writ of Habeas Corpus in this Court (ECF No. 11) and a subsequent Statement of Additional Claims (ECF No. 12). On Respondents' original Motion to Dismiss, this Court found certain grounds within the Petition and Statement of Additional Claims to be unexhausted (ECF No. 24). Petitioner abandoned those grounds for relief and filed an amended petition (ECF No.25). After further briefing, the Court denied the Petition (ECF No. 65) and Petitioner filed a timely appeal (ECF No. 67). The Court denied Petitioner's request for a Certificate of Appealability (ECF No. 72).

The Ninth Circuit Court of Appeals granted Petitioner a Certificate of Appealability on a single issue:

> Whether in light of *Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir.), *cert denied* 123 S. Ct. 2094 (2003), appellant was required to abandon his unexhausted claims.

Order of USCA (ECF No. 76). Ultimately, the matter was remanded to this Court to determine if Petitioner was entitled to a stay and abeyance of his petition under the holding of *Rhines v. Weber,* 544 U.S. 269 (2005). Following briefing by the parties, the Court granted the stay and Petitioner returned to stat court in an effort to exhaust his remaining claims (ECF No. 89).

In his second state petition for writ of habeas corpus, petitioner raised five claims for relief. Exhibit 50. After an evidentiary hearing, the state court denied the petition finding it to be

untimely pursuant to Nevada Revised Statutes (NRS) 34. 726 and successive under NRS 34.810 and also finding that Petitioner had failed to make a showing of cause and prejudice to overcome these procedural bars. Exhibit 68. Petitioner appealed. Exhibit 71. The Nevada Supreme Court affirmed the lower court's decision. Exhibit 79.

Upon Petitioner's motion, this action was reopened and Respondents were directed to answer or otherwise respond to Grounds 7, 8 and 10 of the original federal petition and Grounds 2 and 4 of the Statement of Additional Claims (ECF No. 94). The instant motion to dismiss followed. Respondents argue that Petitioner has procedurally defaulted his remaining grounds for relief and that further failed to exhaust Ground 8, 10 and Additional Ground 2.

## II. Legal Analysis

### A. Procedural Default

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural

rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

B. Cause and Prejudice

Petitioner points to ineffective assistance of his appellate counsel -- in failing to raise the available, and previously unexhausted claims presented in his second state post-conviction petition, on direct appeal -- as cause for the procedural default. He argues that the court appointed counsel's failure to effectively perform must be attributed to the State.

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default only if the independent claim of ineffective assistance of counsel, itself, has been exhausted in state court. *Murray*, 477 U.S. at 488-89. Ineffective assistance of counsel cannot serve as cause if the ineffective-assistance-of-counsel claim, itself, has been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

Petitioner contends that a claim of ineffective assistance of appellate counsel was submitted to the Nevada Supreme Court in his proposed pro per First Supplemental Petition For Writ of Habeas Corpus (Post-Conviction)" which was submitted for filing with the Clerk of the, but which was not actually filed. The Nevada Supreme Court affirmed the lower court including a footnote which said, "We have considered all proper person documents filed or received in this matter, and we conclude that the relief requested is not warranted.[2]

As Respondents note, the First Supplemental Petition was submitted to the Nevada Supreme Court with a motion for leave to file the document (Exhibit 26). That leave was never granted and this Court finds that that is the "relief requested" which the Nevada Supreme Court found to be unwarranted. Further, because the First Supplemental Petition was never filed with the Nevada Supreme Court and its order makes no mention of any claim of ineffective assistance of appellate counsel, this Court further finds that the claim has not been reviewed by the Nevada Supreme Court on its merits and has been procedurally defaulted by Petitioner, disqualifying the claim as cause to overcome the procedural default of Grounds 7, 8 and 10 of the Petition and Grounds 2 and 4 of the Statement of Additional Claims. *See, Id*. at 451-53.

Petitioner's assertion that appellate counsel caused his delay, even if not defaulted, if flawed because he offers no explanation for why the claims could not be and were not raised in his original post-conviction petitions to the state court. The claims were available at that time and petitioner was being assisted by different counsel who filed a lengthy supplemental petition. None of the claims were raised in their present form at that time.

Because Petitioner cannot show cause to overcome the procedural default, the Court need not consider his assertions of prejudice. *Engle v. Isaac*, 456 U.S. at 134 n.43; *Roberts v. Arave*, 847 F.2d at 530 n.3.

---

[2] The document was stamped "PROPER PERSON RECEIVED/ENTERED" July 21, 1997. Exhibit 25, p. 19; *see also* Attachment B to Exhibit 63.

C. Actual Innocence

In an alternative argument to overcome the procedural default, Petitioner argues that he is actually innocent of murder in that the victim died of an intervening and superseding cause – the illegal termination of life support.

The actual innocence exception to procedural default arising in only the most exceptional case. *House v. Bell,* 547 U.S. 518, 536 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 536-3, quoting *Schlup v. Delo,,* 513 U. S, 298, 327 (1995). An actual innocence claim requires "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," *Schelp*, 513 U.S. at 324.

The termination of Snow's life support was illegal, Petitioner argues, because the family members and doctor involved in the decision did not comply with the requirements of Nevada law, particularly NRS 449.610 and NRS 440.626. These laws require either a written declaration by the patient allowing the doctor to withdraw life support (NRS 449.610), or a written and witnessed request by a designated family member to withdraw or withhold life support, so long as the physician determines the patient is in a terminal condition and no longer able to make decisions regarding administration of life-sustaining treatment and the patient has no valid declaration of his own (NRS 449.626).

Petitioner argues that the act of terminating the life support was illegal because the request to remove the life support made by family members was verbal, rather than written. This argument fails for the following reasons: First, the Nevada law described above provides for an exception to the written request in that "[a] decision of the attending physician acting in good faith that a consent is valid or invalid is conclusive." NRS 449.626(5). Thus, it is for the doctor to determine if the consent is valid and the written requirement may be excused if the doctor finds the consent to be

valid. Second, there has been no showing that the doctor's actions in treating the victim comprised "intentional misconduct" or constituted malpractice.

Almost all jurisdictions that have been presented with the question of whether the lawful decision to withdraw artificial life support from a loved one is an independent, intervening cause of death sufficient to relieve a criminal defendant of causal liability have determined it is not. *See, e.g., State v. Pelham*, 176 N.J. 448, 824 A.2d 1082, 1090-91 (N.J.2003) (holding that removal of life support is not an independent, intervening cause of death and citing to numerous jurisdictions that have held similarly); *Carrigg v. State*, 696 N.E.2d 392, 396 (Ind.App.1998) ("In order for an intervening cause to break the chain of criminal responsibility, the intervening cause must be so extraordinary that it would be unfair to hold the defendant responsible for the actual result."); *State v. Yates*, 64 Wash.App. 345, 824 P.2d 519, 523 (Wash.App.1992) ("When life support is removed, the cause of death is not the removal, but whatever agency generated the need for the life support in the first instance."); *see also, State v. Cunningham*, 344 N.C. 341, 474 S.E.2d 772, 783 (N.C.1996); *Trepal v. State*, 621 So.2d 1361, 1366 (Fla.1993); *State v. Meints*, 212 Neb. 410, 322 N.W.2d 809, 813-14 (Neb.1982). Only an intentional, reckless or negligent act that is unforeseeable may be an intervening and supreseding cause of death. *See e.g., Schrimsher v. Bryson,* 58 Cal.App.3d 660, (1976); *see also, Hammond by Hammond v. Cold Industried Operating Corp,* 565 A.2d 558 (1989); *Rossell v. Volkswagan of America,* 147 Ariz, 160, 709 P.2d 517 (1985).

Petitioner has not demonstrated by new reliable evidence that he did not cause Snow's death and that he is actually innocent of murder. Grounds 7, 8 and 10 of the Petition and Grounds 2 and 4 of the Statement of Additional Claims have been procedurally defaulted and cannot be reviewed on their merits by this Court. *Coleman v. Thompson*, 501 U.S. at 730-31; *Murray v. Carrier,* 477 U.S. at 485.

/ / /

/ / /

D. Exhaustion

Respondents additionally raise the issue that certain of the above defaulted claims remain unexhausted because they fail to present the exact claims to the state court as have been presented here. While a review and comparison of the claims leads this Court to determine the claims are sufficiently exact to be considered exhausted, *Vasques v. Hillery,* 474 U.S. 254, 258, 260 (1986), we need not explore that question further in light of the preceding discussion.

## III. Conclusion

Petitioner's remaining grounds for relief have been procedurally defaulted in the state courts and he has failed to demonstrate adequate cause to overcome the default. His contention that ineffective assistance of appellate counsel caused the delay is untenable in light of the fact that such a claim was never properly presented to the Nevada Supreme Court and is procedurally defaulted in its own right. Moreover, petitioner's failure to present the claims in his original state pro per or supplemental post-conviction petitions undercuts the argument further considering that he was represented by different counsel in that proceeding.

The Court finds that Grounds 8 and 10 of the Petition and Ground 2 of the Statement of Additional Claims are exhausted. Furthermore, the Court declines to conduct an evidentiary hearing, as there remain no facts requiring additional development which would impact the decision herein. Grounds 7, 8 and 10 of the Petition and Grounds 2 and 4 of the Statement of Additional Claims shall be dismissed with prejudice.

## IV. Certificate of Appealability

Having determined that the remaining grounds raised by Petitioner cannot be reviewed by the Court on the merits, the matter is concluded. In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a

constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that The Motion to Dismiss (ECF No. 96) is **GRANTED.** Grounds 7, 8 and 10 of the Petition and Grounds 2 and 4 of the Statement of Additional Claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. The Clerk shall enter judgment accordingly.

Dated this 26th day of January, 2011.

Edward C. Reed.

UNITED STATES DISTRICT JUDGE